**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 1 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WALTER ALFREDO GRANDE, | No. 17-70257 |
| Petitioner, | Agency No. A200-242-250 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 27, 2022[**]
Pasadena, California

Before: TASHIMA, WATFORD, and FRIEDLAND, Circuit Judges.

Walter Alfredo Grande ("Petitioner"), a native and citizen of El Salvador,

petitions for review of a decision of the Board of Immigration Appeals ("BIA"),

affirming a decision of an Immigration Judge ("IJ" and, collectively with the BIA,

"the Agency") denying his applications for withholding of removal and protection

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under the Convention Against Torture ("CAT"). "We review factual findings, including adverse credibility determinations, for substantial evidence." *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014). Similarly, the Agency's "findings underlying its determination that an applicant is not eligible for relief under the CAT are reviewed for substantial evidence." *Cole v. Holder*, 659 F.3d 762, 770 (9th Cir. 2011) (quoting *Arteaga v. Mukasey*, 511 F.3d 940, 944 (9th Cir. 2007)). Under the substantial evidence standard, we "uphold[] the [Agency's] determination unless the evidence in the record compels a contrary conclusion." *Id.* (quoting *Arteaga*, 511 F.3d at 944). We deny the petition.

1. The BIA affirmed the IJ's finding that Petitioner was not credible and, therefore, could not meet his burden of establishing his eligibility for withholding of removal. In so concluding, the BIA "highlight[ed] specific and cogent reasons to support [the IJ's] adverse credibility finding." *Kin v. Holder*, 595 F.3d 1050, 1055 (9th Cir. 2010). Specifically, the BIA noted that Petitioner did not testify consistently about which year he was shot at by gang members, an incident that also resulted in the death of his cousin, or about the order in which two of his uncles were attacked and/or killed. Those incidents formed the basis for Petitioner's fear of future persecution, and we have held that a petitioner's "inability to consistently describe the underlying events that gave rise to his fear [is] an important factor that [can] be relied upon by the IJ in making an adverse

credibility determination." *Shrestha v. Holder*, 590 F.3d 1034, 1047 (9th Cir. 2010). In light of the inconsistencies noted by the BIA, we cannot say that the record compels the conclusion that Petitioner testified credibly, and the Agency's adverse credibility determination is therefore supported by substantial evidence. *See Cole*, 659 F.3d at 770. Further, we agree with the Agency that, without credible testimony, Petitioner cannot "show a 'clear probability' of future persecution," and is therefore not eligible for withholding of removal. *Garcia*, 749 F.3d at 791 (quoting *Alvarez-Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir. 2003)).

2. The BIA also held that Petitioner did not meet his burden of establishing eligibility for CAT protection. The BIA determined that, after putting aside Petitioner's own testimony—which, as discussed above, the Agency did not err by discrediting—Petitioner had not offered sufficient evidence to show it is "more likely than not that [he] would be tortured if removed to [El Salvador]." 8 C.F.R. § 1208.16(c)(2). We cannot say the record compels a contrary conclusion. *See Cole*, 659 F.3d at 770.[1] We accordingly must uphold the BIA's decision to deny CAT protection.

**PETITION DENIED.**

---

[1] Petitioner did not raise to the BIA the argument he now makes that he bears scars from a previous attack that will be impossible to hide and that could prompt a further attack. We therefore cannot consider it. *See Singh v. Whitaker*, 914 F.3d 654, 662 (9th Cir. 2019).